United States District Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT W JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00202 |
| § | |
| ARI KWIATKOWSKI, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Robert W. Johnson, proceeding *pro se* and *in forma pauperis*, filed this complaint against Defendant Ari Kwiatkowski on August 29, 2024. (D.E. 1). Johnson alleges that he was discriminated against and defamed due to his race, sex, financial status, alleged criminal history, and disability. (*Id.* at 4). He seeks upwards of $100 million in damages. (*Id.* at 5). Both Johnson's and Kwiatkowski's addresses are in Syracuse, New York. (*Id.* at 2). Johnson attaches a May 2022 alert from law firm Barclay Damon LLP, also from Syracuse, indicating that Johnson had filed more than 20 federal lawsuits alleging discrimination. (D.E. 1-2 at 1-2).[1] Barclay Damon offered to represent any businesses sued in one of these lawsuits. (*Id.*). For the reasons discussed further below, it is recommended that Johnson's complaint be **DISMISSED without prejudice** to re-filing in

---

[1] It appears that Kwiatkowski may be a lawyer at Barclay Damon, but Johnson has not alleged this in his complaint.

the proper venue. Alternatively, it is recommended that Johnson's complaint be transferred to the Northern District of New York.

As indicated in Johnson's attachment, research shows that he is a serial filer who has been barred from filing new actions in numerous districts throughout the country. *See, e.g., Johnson v. Trump*, No. 2:23-cv-00471, 2024 WL 778100 (D. Vt. Feb. 26, 2024) (enjoining Plaintiff from filing any new actions without prior leave of court); *Johnson v. Russo*, No. 5:22-CV-0439, 2022 WL 1490375 (N.D.N.Y. May 11, 2022) (collecting cases). Most importantly, this includes the Northern District of New York, where Syracuse is located. 28 U.S.C. § 112(a). In May 2022, the Northern District of New York permanently enjoined Johnson "from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff" absent permission from the Chief Judge. *In re Johnson*, No. 5:22-PF-0003, 2022 WL 1597718, at *2 (N.D.N.Y. May 19, 2022). The court further noted that this injunction applies to, among other things, any "action opened by [Johnson] in another federal district court and transferred to this Court, when that action clearly should have been venued in this District." *Id.* at *2 n.1. This perfectly describes Johnson's current complaint.

By statute, a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as

provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Similarly, if a court finds that there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631.

Here, Johnson's complaint should have been filed in the Northern District of New York because that is the district where the defendant resides and in which a substantial part of the alleged events giving rise to the claim occurred. (D.E. 1 at 2); 28 U.S.C. § 1391(b). Accordingly, if it is in the interests of justice, the court is required to transfer this case to the Northern District of New York under the language of Sections 1406(a) and 1631. 28 U.S.C. §§ 1406(a), 1631; *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 795-96 (5th Cir. 2021) (discussing the mandatory nature of the transfer statutes if prerequisites are met). However, given the circumstances of this case, the interests of justice instead favor dismissal without prejudice. Due to his extensive history of frivolous lawsuits, the Northern District of New York has barred Johnson from any new *pro se* filings absent express agreement of the Chief Judge. Given that history and the rest of Johnson's litigation history in several other districts, it appears that he is intentionally attempting to circumvent this restriction by filing his claims here instead, despite having no connection

to the Southern District of Texas. A transfer of this case would merely aid Johnson in that quest, and the Northern District of New York has expressly addressed the possibility of such transfers in its restriction. *Johnson*, 2022 WL 1597718, at *2 n.1.

Accordingly, it is recommended that Johnson's complaint be **DISMISSED without prejudice** to re-filing in the proper venue. Should Johnson seek to pursue his claims further, he may re-file in the Northern District of New York and comply with the requirements set forth by that court. Alternatively, it is recommended that Johnson's complaint be transferred to the Northern District of New York because that is the proper venue for his claims.

Respectfully submitted on September 9, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).